IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carmichael T. Flowers, | Case No. 8:12-cv-00427-TMC-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| William K. Boone, Captain J. Bronson, Leah Harris, Joseph D. Thompson, and Ann and/or John Doe, | |
| Defendants. | |

This matter is before the Court after Plaintiff responded to the Court's Special Interrogatories. [Docs. 30, 35.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.[1]

Plaintiff, proceeding pro se, filed this action on August 9, 2011 in the Florence County Court of Common Pleas. [Doc. 2-1 at 1–7.] Subsequently, Plaintiff filed a motion for leave to file an amended complaint [*id.* at 47–48] and proposed amended complaint [*id.* at 49–52], which the state court granted on February 8, 2012 [*id.* at 119]. Based on the amended complaint, Defendants removed the action to this Court on February 15, 2012. [Doc. 2].

Since the case was removed, Plaintiff has filed several documents that indicate he may not have intended to bring any federal claims in this lawsuit. [Doc. 14 (Plaintiff's objections to Defendants' notice of removal, stating Plaintiff brought this action pursuant

---

[1]Upon removal, this action was construed as one brought pursuant to 42 U.S.C. § 1983.

to the SCTCA, state statutory laws, authorities, and constitution); Doc. 26 (motion for enlargement of time to refile motion to amend complaint with proposed amended complaint, stating the complaint alleges a state tort to be brought in state court and Plaintiff would be put in a "precarious and unfair situation" by having to redesign a complaint to meet federal standards).] Because this Court has jurisdiction over the case only if Plaintiff intended to bring federal claims, the Court ordered Plaintiff to answer Special Interrogatories clarifying what claims he intended to bring when he filed his complaint and amended complaint in state court. [Doc. 30.]

Plaintiff answered the Court's Special Interrogatories on May 10, 2012. [Doc. 35.] Although Plaintiff stated his action was based upon a violation of federal claim [*id.* at 1–2], Plaintiff also indicated he did not intend to bring federal claims, filed the case as a state tort action, and stated federal law does not create his cause of action [*id.* at 1]. Additionally, Plaintiff filed a proposed amended complaint, which the Court construed as a motion to amend the complaint. [Doc. 32.] Plaintiff's proposed amended complaint states Plaintiff relies on the South Carolina Tort Claims Act ("SCTCA").[2] [*Id.* at 5–6.] Defendants responded to Plaintiff's motion to amend the complaint, indicating they do not oppose Plaintiff's motion provided he still desires to assert only state law claims as stated in his answers to the Special Interrogatories. [Doc. 36.] Alternatively, Defendants argued the motion to amend the complaint would be moot should the Court remand the matter to state

---

[2]Plaintiff appears to state he has always relied on the South Carolina Tort Claims Act for his cause of action. [*See* Doc. 32 at 5–9 ("Plaintiff's *state court complaint* argument did not contain explicitly reference to federal constitutional standards, thus, *relied* on South Carolina Tort Claims Act.") (emphasis added).]

2

court based on Plaintiff's representations that he intended to bring only state law claims. [*Id.*]

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)). The plaintiff is the

3

master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (citations omitted).

To determine whether subject matter jurisdiction exists under § 1331, the Court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. Here, Plaintiff has repeatedly stated he brings his claims pursuant to state law, specifically the SCTCA. [*See* Doc. 14 at 1 (objections to Defendants' notice of removal, stating Plaintiff asserts the action was instituted pursuant to S.C. Code Ann. § 15-78-100(b) and seeks relief under the SCTCA, state statutorial laws, authorities, and constitution); Doc. 26 (motion for enlargement of time to refile motion to amend complaint with proposed amended complaint, stating the complaint alleges a state tort to be brought in state court and Plaintiff would be put in a "precarious and unfair situation" by having to redesign a complaint to meet federal standards); Doc. 32 at 5–6 (Plaintiff's proposed amended complaint, docketed as a motion to amend the complaint, stating the state court complaint "did not contain explicitly reference to federal constitutional standards, thus, relied on South Carolina Tort Claims Act" and stating Plaintiff sues for "civil conspiracy; negligence; breach of duty of care; misappropriation of assets/property in connection with employees misconduct; illegal taking of personal property authorized by memorandum/policy; failure to adhere to established policies and prescribed guidelines for action/conduct, and failed to perform ministerial duties"); Doc. 35 (Plaintiff's response to Special Interrogatories, stating Plaintiff did not intend to bring federal claims and filed the case as a state tort action and that federal law does not create his cause of action).] Defendants concede Plaintiff has stated he desires to assert only state law claims; accordingly, Defendants have indicated they do not oppose Plaintiff's motion to amend the complaint or, alternatively, the

4

motion for leave to amend the complaint could be deemed moot if the Court were to remand the matter based on Plaintiff's representations that he intends to bring only state law claims. [Doc. 36.]

As master of his claim, Plaintiff may choose to rely exclusively on state law as the basis for his claims. Here, Plaintiff has repeatedly indicated his desire to frame his claims under South Carolina state law. Therefore, although Plaintiff's Complaint and Amended Complaint reference federal law, Plaintiff's right to relief does not necessarily depend on the resolution of a question of federal law. As such, no federal question jurisdiction supports the assertion of removal jurisdiction under 28 U.S.C. § 1441.

Wherefore, based upon the foregoing, the Court concludes it is without jurisdiction over this action and recommends the case be REMANDED to the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit in Florence County. If the District Court adopts this Report and Recommendation, it is further Recommended that Plaintiff's motion for extension of time to file motion to amend [Doc. 26] and motion to amend the complaint [Doc. 32] be deemed moot, as Plaintiff has indicated he believes he must amend his complaint because now that the case is removed, he must redesign a complaint to meet federal standards [Doc. 26].

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

June 1, 2012
Greenville, South Carolina